# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

IN RE                                       )
                                            )          **Case No. 05-21968-TLM**
**ROBERT M. MICHAEL,**                      )
**GEWNDOLYN K. MICHAEL,**                   )          **Chapter 7**
                                            )
                    **Debtors.**            )
_____             )

## MEMORANDUM OF DECISION
_____

Before the Court is a dispute over the effect of a bankruptcy sale of estate assets by a chapter 7 trustee.  The matter was presented at an evidentiary hearing on October 6, 2009, argued on October 9, and taken under advisement.

The chapter 7 debtors, Robert and Gwendolyn Michael ("Debtors"), represent themselves.  As a result, multiple extraneous issues and theories were argued.  Further, the evidentiary record presented by Debtors at hearing made laborious the Court's evaluation of the material facts and issues in this matter.

The Court concludes that Debtors' motion to "reconsider" or set aside the sale should be denied.  This Decision constitutes the Court's factual findings and legal conclusions.  Fed. R. Bankr. P. 7052, 9014.

MEMORANDUM OF DECISION - 1

**BACKGROUND AND FACTS**

    **A.**    **The bankruptcy**

On October 13, 2005, Debtors filed a voluntary petition for chapter 7 relief, commencing this bankruptcy case.[1]  They were at that time represented by counsel.  Their discharge was granted on February 8, 2006.

The chapter 7 trustee, C. Barry Zimmerman ("Trustee") later issued, on November 13, 2006, a final report and accounting of his administration of the assets of the estate.  It reflected that Trustee had gathered $2,255.54 worth of assets.[2]  Distribution of that amount in the priorities demanded by the Bankruptcy Code would result in something less than a 2% dividend on creditors' claims. Following notice and lack of objection, the Court issued, on January 12, 2007, an Order allowing Trustee's proposed final accounting and directing distribution.  On June 13, 2007, following a supplemental report of Trustee, the Court discharged Trustee and closed the estate.

    **B.**    **The state court suits**

Two lawsuits in the courts of Idaho are material to the present dispute.  The

---

[1]  The Court takes judicial notice of its own files and records under Fed. R. Evid. 201 in order to outline the course of events before it.

[2]  Other assets properly scheduled by Debtors were either exempt or, per Trustee, lacked appreciable equity and were abandoned.

MEMORANDUM OF DECISION - 2

Court outlines the same, as best it can from the record.[3]

### 1.    *Leon's Mfg. Co., Inc. v. Robert Michael, et al.*

Stephen F. Smith, a Sandpoint, Idaho attorney ("Smith") represented

Debtors in this First Judicial District, Boundary County, action, Case No. CV-

2003-432.[4]  In this business dispute, Leon's Manufacturing Company ("Leon's")

sued for breach of contract.  Debtors counterclaimed for overcharges and offset.[5]

The matter was tried in late August, 2005, and a verdict was rendered in early

September, 2005.  Leon's recovered a judgment and was awarded costs and fees.

A directed verdict was also rendered against Debtors on their counterclaim.  The

outcome in this case was, Debtors contend, based on Smith's failures in his legal

---

[3]  The Court expressly cautioned Debtors and Trustee, when first hearing their preliminary argument in April, 2009, that they would have to provide competent evidence of what events transpired in the state courts and prove the specific facts they alleged and relied upon.  Nevertheless, when the matter was finally tried on October 6, the Court was left with an extraordinarily weak record.  Only two witnesses (Trustee and attorney Manderson Miles) were called.  Debtor argued, but did not testify.  And the Court was given little by any party, beyond argument, regarding what had occurred in state court.  Thus, in this Decision, the description of events in the state court is drawn from but a few state court documents (*e.g.*, a January 21, 2009, memorandum of decision in CV-2007-312 discussed further below), and from a transcript of several state court hearings evidently prepared for Debtors' appeal to the Idaho Supreme Court. That transcript was marked as Debtors' Exhibit 119, but not offered or admitted.  The Court concludes that the transcript carries sufficient indicia of reliability and accuracy that it may be considered.  The Court has also reviewed, for background, Debtors' statements regarding the first lawsuit which were made in a letter to Trustee, admitted as Ex. 112.

[4]  The case number suggests that the suit was commenced in 2003.

[5]  Debtors asserted, in Ex. 112, that they were both individual defendants in the suit, and that their closely-held corporation, Mission Holdings Inc., was also a defendant.  It is not entirely clear whether the counterclaim was brought only by the corporation or by all defendants, and the Court simply refers to "Debtors" as inclusive of any such claims they asserted through or on behalf of their corporation.

MEMORANDUM OF DECISION - 3

representation in this action, including pleading errors.

As noted, Debtors filed bankruptcy in October, 2005, a little more than a month after the adverse verdict in *Leon's Mfg. Co. v. Michael*.  Their schedule F (unsecured creditors) listed Leon's as holding a disputed claim of $89,000.

### 2.   *Michael v. Smith*

On August 29, 2007, Debtors filed a malpractice suit against Smith, Case No. CV-2007-312, First Judicial District, Boundary County.[6]  This suit was filed a little over two months after the closing of their bankruptcy case.

The transcripts of the various hearings before the state court in this action[7] reflect that, at a May, 2008 status conference, the court scheduled a January, 2009 jury trial.  However, Smith thereafter moved for summary judgment in July, 2008, contending that Debtors lacked standing because the cause of action was an asset of their bankruptcy estate and only the bankruptcy trustee had standing to pursue it, and further arguing that Debtors' assertion of the undisclosed asset should also be barred by judicial estoppel.  At hearing on that motion, the state court noted that it deemed an important question to be when Debtor gained knowledge of the

------

[6]  Neither party provided a copy of the complaint commencing this suit.  The date of filing is taken from a recitation in a later ruling by the state court.  Additionally, it is unclear whether both Debtors, or just Robert Michael, were named as Plaintiffs.  However, since both Debtors have sought "reconsideration" of the sale under the Motion before this Court, the Court will refer to both in connection with the state court action as well.

[7]  *See* Ex. 119, discussed at note 4 *supra*.

MEMORANDUM OF DECISION - 4

existence of the malpractice claim.  That court denied the motion on the basis of

an unresolved factual issue as to when Debtors knew or should have known of the

cause.  Ex. 119 at transcript of July 22, 2008 hearing, p. 51-52.

### C.    Reopening of the bankruptcy

On August 7, 2008, Debtors (now appearing *pro se*) moved to reopen their

bankruptcy case.  *See* Doc. No. 36.  They contended that they "recently discovered

the asset of a malpractice lawsuit which occurred pre-petition."  *Id.* at 1.  In an

accompanying affidavit, Doc. No. 37, they indicated that their bankruptcy was in

part caused by a state court lawsuit in which they were represented by "the

Smiths."[8]  Debtors contended that, while they felt Smith "did a poor job on the

case," they did not have any "reason at the time to believe the ineptness rose to the

level of any litigation," and, thus, they scheduled no claim against Smith as an

asset in their bankruptcy.

Debtors' motion was granted and the case reopened by Order entered

August 19, 2008.  Under Fed. R. Bankr. P. 5010, the Court ordered the United

States Trustee to appoint a trustee, and the U. S. Trustee subsequently reappointed

Trustee Zimmerman.  Doc. No. 38.[9]

---

[8]  The reason for the plural reference is unclear but ultimately immaterial.

[9]  That Order also noted that all other relief sought by Debtors in their motion to reopen
would be denied without prejudice.  Under Ninth Circuit case law, the process of reopening a
bankruptcy under § 350(b) presents only a narrow range of issues, and the Court does not at that

(continued...)

MEMORANDUM OF DECISION - 5

**D.**    ***Michael v. Smith* (continued)**

In its July, 2008 ruling, the state court had also alluded to a question of the

absence of an indispensable party, *i.e.*, Trustee.  Smith moved to dismiss the action

on that ground, and that motion came before the state court in September, 2008,

and again in October, 2008.  At the latter hearing, the state court stated that it

would not rule until it "ha[d] something from [Trustee]" to clarify the bankruptcy

status.  *Id.* at transcript of Oct. 15, 2008 hearing, p.77-78.

**E.**    **Bankruptcy sale**

Though Debtors never did amend their bankruptcy schedules to disclose the

malpractice lawsuit as an asset, their motion to reopen and their  communications

with Trustee provided Trustee notice of its assertion.[10]

On November 6, 2008, Trustee issued a "Notice of Sale by Trustee."  Doc.

No. 46.  The notice indicated that, at an auction to occur on December 8, 2008,

Trustee would sell "[a]ll right, title and interest in the cause of action In Re:

Michael v. Smith, CV07-312, First District Court of the State of Idaho."  *Id.*

Trustee also stated: "Estimated value [of the asset] is unknown as it is a lawsuit to

_____

[9] (...continued)
point address the merits of matters that might be raised and argued in the reopened case.

[10]   Debtors' exhibits reflect numerous communications with Trustee regarding potential
treatment of the cause of action through its abandonment, sale, or Trustee's prosecution.  Trustee
also testified regarding discussions he had with attorney Miles, who represented Smith, over the
nature of the suit's claims, the litigation's value, and how Trustee might handle the asset.

MEMORANDUM OF DECISION - 6

be prosecuted.  The trustee has weighed the cost of litigating, requirement of expert witnesses and other costs.  In his judgment this sale is the best resolution for the estate." *Id.*

### F.    The sale

The sale occurred as scheduled.  Miles and Debtor Robert Michael participated, and were the only bidders.  After starting with an opening offer of $2,500.00 and bidding back and forth, Smith, through Miles, purchased the estate's interest in the lawsuit for $16,600.00.  *See* Doc. No. 48 (report of sale) (indicating that Smith purchased "All right, title and interest *in the bankruptcy estate's interest* in Case No. CV07-312[.]") (emphasis added).

#### 1.    The bill of sale

Trustee issued a bill of sale to Smith on December 19, 2008.  *See* Ex. 102. It conveyed to Smith:

> All right title and interest *of the estate* in the cause of action between the debtor(s) Robert M. Michael, Plaintiff, vs. Stephen F. Smith, Attorney at law, Chartered, and [sic] Idaho Corporation; Stephen F. Smith, an individual, Case No. CV07-312 in the District Court of the First Judicial District of the State of Idaho, in and for the county of Boundary.

*Id.* (emphasis added).

### G.    Advising the state court

In order to accommodate the state court's desire for an explanation of the

MEMORANDUM OF DECISION - 7

treatment of the claim as a bankruptcy asset, Miles prepared an affidavit for

Trustee's review and signature.  Ex. 100.  Trustee testified that he reviewed a draft

of this document before signing it, and noticed only one problem – it referred to

him as the "United States Trustee" rather than properly as the chapter 7 trustee.

With that correction, Trustee executed the affidavit.  *Id.*

The affidavit, however, varied from the notice of sale, the report of sale,

and the bill of sale in its description of the property sold.  The affidavit stated, in

part:

> 3.  I [Trustee] took control of *all* right, title, and interest *to this*
> [sic] *causes of action* in the case of <u>Robert M. Michael v. Stephen
> Smith, et al</u>. Case No. CV07-312 in the District Court of the First
> Judicial District in and for the County of Boundary.
> . . .
> 5.  I sold all the right, title, and interest *to this cause of action* of
> <u>Robert M. Michael v. Stephen Smith, et al</u>. to Stephen Smith on
> December 8, 2008, at a bid sale.  I gave Stephen Smith a Bill of Sale
> for *all Plaintiff's causes of action*.

Ex. 100 (emphasis added).[11]

The language of the affidavit was inconsistent with the Trustee's

bankruptcy documents, which qualified and limited what was sold to "the *estate's*

interest" in the litigation.  Trustee failed to correct this language before signing the

---

[11]   The affidavit was prepared by Miles.  No evidence was presented to suggest that the
language used to describe what was sold was intentional and designed to mislead the state court,
rather than being a matter of careless draftsmanship.

MEMORANDUM OF DECISION - 8

affidavit.[12]

As discussed further below, Debtor's primary argument on the Motion now before this Court is that Trustee's affidavit expanded what was, or what could be, properly sold.  Debtors claim in submissions to this Court that the state court litigation included certain "post-petition" causes of action that could not be sold by Trustee.  They argue that the state court was misled by the affidavit and related submissions from Smith.

### H.        Hearings before the state court

Debtors, and to a lesser degree Smith, characterized what transpired in state court.  Neither party provided this Court with much in the way of evidence, and reconciling their various descriptions has proven to be largely impossible.  In this regard, the Court concludes that what the state court itself said is of more value than the reports and interpretations of the litigants.

On January 21, 2009, the state court in No. CV-2007-312, entered a "Memorandum of Decision and Order granting Defendant's Motion to Dismiss" (the "Dismissal Decision").  On March 16, 2009, that same court entered in such case a "Memorandum Decision and Order: 1) Denying Plaintiff's Motion for Reconsideration of this Court's Order Granting Defendant's Motion to Dismiss,

---

[12]   As with Miles, *see* note 12 *supra*, there was no evidence presented to support the proposition that Trustee's actions were intentionally misleading rather than careless.

MEMORANDUM OF DECISION - 9

and 2) Denying Plaintiff's Motion to Strike" (the "Reconsideration Decision").[13]

###### 1.    Dismissal Decision

In the Dismissal Decision, the state court noted some of the history of the litigation, which this Court has set out above.  It then noted that even though an earlier motion of Smith to dismiss was moot, a new motion to dismiss had been filed on December 30, 2008.  This motion was based on the December 8 bankruptcy sale by Trustee to Smith of "this cause of action Michael had against Smith in this [state court] case." *Id.* at 3.  The motion was supported by the affidavit of Trustee, and Smith's argument that "the Bankruptcy Trustee had sold Michael's right title and interest in the case before this [state] Court to Smith." *Id.*

The state court noted that the motion to dismiss was presented at a January 21, 2009 hearing, and that Debtors did not appear at such hearing either in person or telephonically. *Id.*  The state court also stated that Debtors had argued, in briefing, that they remained parties to the suit notwithstanding the sale "because the Trustee did not have an interest in the entire lawsuit and therefore only sold the

---

[13]  These two decisions of the state court were obtained from that court's website and have been attached to this Decision in PDF format.  They are also available at: Memorandum Decision and Order Granting Motion to Dismiss, *Michael v. Smith*, No. CV-2007-312 (Boundary County) (Jan. 21, 2009), http://www.co.kootenai.id.us/departments/districtcourt/opinions.asp (follow "View File" hyperlink); and Memorandum Decision and Order on Reconsideration, *Michael v. Smith*, No. CV-2007-312 (Boundary County) (Mar. 16, 2009), http://www.co.kootenai.id.us/departments/districtcourt/opinions.asp (follow "View File" hyperlink).

MEMORANDUM OF DECISION - 10

bankruptcy estate's interest." *Id.* at 4 (citing Debtors' memorandum in opposition to the motion to dismiss).  The state court rejected this contention: "This argument is without merit and Michael cites no authority for his argument.  The cases cited by Michael . . . do not support Michael's position." *Id.*

The state court found that Debtors no longer had any interest in the litigation, or standing, and granted Smith's motion to dismiss on that basis.

## 2.    Reconsideration Decision[14]

The Reconsideration Decision reiterated the same history of litigation. *Id.* at 1-3.  It noted that a February 2, 2009 judgment of dismissal was entered, and that Debtors filed a motion for reconsideration and related documents on February 3, 2009. *Id.* at 3-4.  After a brief, two-page response from Smith, Debtors filed a 67-page memorandum and a motion to strike Trustee's affidavit which they contended was untimely submitted for consideration at the January 21 hearing. *Id.* at 4.

The state court noted that in seeking relief: "Michael argues he had a shared interest with the bankruptcy estate in some causes [fraudulent concealment, breach of contract, and professional negligence/legal malpractice] and these causes of action 'are post-petition and therefore the estate has no interest in them.'" *Id.* at 5

---

[14]  Though the state court's Reconsideration Decision – rejecting the contention of post-petition causes of action – had been issued in March, 2009, Debtors did not present it to this Court in connection with hearing on the Motion.  Surprisingly, neither did Trustee or Smith's counsel.

MEMORANDUM OF DECISION - 11

(quoting from Debtors' brief to the state court).  It further noted: "Michael asserts his claims for fraud and 'last legal malpractice/professional negligence, with punitive assertions' are such later-acquired assets."  *Id.* at 8 (quoting Debtors' brief).

The state court expressly rejected the arguments regarding the post-petition nature of causes in the litigation, finding that "Michael's action against Smith accrued at the time of the occurrence, act, or omission complained of."  *Id.* (citing Idaho Code § 5-219(4) and *Tingley v. Harrison*, 867 P.2d 960 (Idaho 1994)).  Observing that the adverse judgment in *Leon's Mfg. Co. v. Michael* was entered on September 2, 2005, the state court concluded:

> Despite Michael's filing suit against Smith on August 29, 2007, his action accrued on or about September 2, 2005, <u>before</u> his bankruptcy filing on October 13, 2005.
>
> . . .
>
> Michael's contention that he has a shared interest with the bankruptcy estate in the fraudulent concealment, breach of contract, and professional negligence/legal malpractice causes of action is related to his contention that state law, not federal law or a bankruptcy trustee, determines who is a party to the lawsuit. . . . Michael provides no legitimate support for this shared interest proposition.  Again, because the alleged occurrences, acts, or omissions complained of took place before commencement of the bankruptcy filing on October 13, 2005, the causes of action accrued before commencement of the bankruptcy case and became part of the bankruptcy estate.  . . .  As such, Michael has <u>no</u> interest in the cause of action.

*Id.* at 8-10.

MEMORANDUM OF DECISION - 12

The state court therefore rejected Debtors' motion to alter or amend

judgment.  It further rejected Debtors' claims to relief under Idaho Rule of Civil

Procedure 60(b), *id.* at 10-13, and their motion to strike Trustee's affidavit, *id.* at

14-16.

## I.      Motion to reconsider sale

While Debtors' February 3 state court motion to reconsider was pending

and immediately after their February 25 state court motion to strike, Debtors, on

February 29, 2009, filed in this Court a "motion to reconsider" the sale.  *See* Doc.

No. 51 (the "Motion").  In the Motion and an accompanying brief and affidavit,

*see* Doc. Nos. 53, 54, Debtors argued that the affidavit of Trustee provided to the

state court was, or at least evidenced, an attempt to improperly expand the scope

and reach of the sale that actually occurred.

Debtors argue that there were "post-bankruptcy causes of action" included

in the state court suit.  *See*, *e.g.*, Doc. No. 53 at 3 ("Additionally, debtors found

three causes of action which occurred post-petition in 2006 and 2007."); and at 9

(alleging that six prepetition and three post-petition causes of action were

involved).  They contend that Trustee's sale was, by its terms and under operation

of the Bankruptcy Code, incapable of conveying these post-petition causes to

Smith.

It was this Motion that was ultimately heard and argued in October, 2009.

MEMORANDUM OF DECISION - 13

**DISCUSSION AND DISPOSITION**

Though a host of arguments are presented by Debtors, most can be distilled by focusing on a single point – what could Trustee sell at the noticed § 363 sale in December, 2008?[15]

### A.    Cause of action as property of the estate

Section 541(a) of the Code provides that the commencement of a bankruptcy case "creates an estate." That estate "is comprised of" seven categories of property, set out in § 541(a)(1)-(7), "wherever located and by whomever held[.]" With certain exceptions not here relevant, § 541(a)(1) provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." The "proceeds . . . or profits of or from property of the estate" are also included. *See* § 541(a)(6).

Debtors' legal and equitable interests in the causes of action against Smith for professional malpractice constituted property of the estate. *In re Lahijani*, 325 B.R. 282, 287 (9th Cir. BAP 2005).[16] *See also Crum v. Tomlinson (In re Hettick)*, 413 B.R. 733, 752 (Bankr. D. Mont. 2009) ("[A]ssets of the estate properly include any of the debtor's causes of action.") (citing *Cusano v. Klein*, 264 F.3d

---

[15]   All statutory references are to the Bankruptcy Code, 11 U.S. Code §§ 101-1330, as it existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005), unless otherwise indicated.

[16]   *See also Tingley v. Harrison*, 867 P.2d 960, 965 (Idaho 1994) (bankruptcy estate includes, under § 541(a), causes of action including those for legal malpractice).

MEMORANDUM OF DECISION - 14

936, 945 (9th Cir. 2001); other citations omitted).  "If the cause of action accrued

prior to a debtor's petition date, it is an asset that must be scheduled. . . .

Moreover, the accrued cause of action is property of the estate even if the debtors

were unaware of the claim when they filed for bankruptcy protection."  *Hettick*,

413 B.R. at 752.[17]

When debtors fail to properly schedule an asset, including a cause of action,

the asset remains property of the estate until administered or abandoned formally

by the trustee.  *Lopez v. Specialty Restaurants Corp. (In re Lopez)*, 283 B.R. 22,

31-32 (9th Cir. BAP 2002); *Hettick*, 413 B.R. at 753.

**B.    The sale**

A chapter 7 trustee is charged with, among other things, the duty to "collect

and reduce to money the property of the estate for which such trustee serves, and

close such estate as expeditiously as is compatible with the best interests of parties

in interest."  Section 704(1).  In performing this obligation, trustees regularly sell

property of the estate under § 363.  The sale here fell under § 363(b).  It was also

---

[17]    *Hettick* further notes that the question of whether a debtor could have brought a cause
of action prior to bankruptcy, and thus the action is property of the estate, is often viewed as a
question of when the action "accrued."  413 B.R. at 768-69.  That court held that under its state
law and *Cusano*, "a claim accrues when an action can be brought."  *Id.* at 769.  And, "[a]lthough
the inquiry as to when an action accrues is different from an inquiry as to when the statute of
limitations begins to run, *Cusano*, *supra*, 'it is often necessary to look to state law on the statute
of limitations to determine when a cause of action accrues because accrual rarely is discussed
apart from the issue of the running of the statute of limitations.'"  *Id.* (quoting *Matter of Swift*,
129 F.3d 792, 796 n.18 (5th Cir. 1997)).

MEMORANDUM OF DECISION - 15

subject to the requirements of Fed. R. Bankr. P. 6004 and Local Bankruptcy Rule 2002.1.

Upon a thorough evaluation of its own record, the Court concludes that Trustee here properly noticed for sale whatever interests Debtors, and thus the estate, may have had in the state court litigation against Smith as of October 13, 2005. Trustee's notice of sale, and bill of sale accurately specified that he could, and did, sell whatever interests *the estate* had in the litigation under § 541(a)(1).

The sale occurred and Smith, appearing through Miles, was the successful bidder.[18] The bill of sale correctly reflected what Smith had bought.

### C.    The affidavit and state court rulings

Smith, through Miles, and Trustee arguably confused the situation by presenting a too-broadly stated affidavit of Trustee to the state court. That conduct certainly fostered a great deal of litigation before two separate courts. However, the existence of the affidavit does not support the relief sought by Debtors.

Debtors argue to this Court that the affidavit reflects that a separate "sale" of post-petition property occurred, and that such a sale was either improper

---

[18]   Debtors make several arguments or explanations regarding their decision to bid, and their decision to cease bidding and "allow" Smith's purchase, based on their lay understanding of the Code and the bankruptcy process. *See*, *e.g.*, Doc. No. 53 at 4. The Court need not address these arguments. In short, *why* Debtors elected to act in the manner they did is not relevant. There was no evidence that Debtors' conduct at the time of sale was a result of any actions by others but, instead, flowed from their unilateral and independent evaluation of the law.

MEMORANDUM OF DECISION - 16

because it was outside the ability of Trustee to conduct, or objectionable because Debtors were misled or did not have an opportunity to participate in bidding for such property. Debtors contend that such a "sale" must be set aside.

No such "sale" occurred. The affidavit is nothing more than Trustee's testimonial statement of what transpired at the noticed and conducted § 363(b) sale in December, 2008. Per the notice of sale and bill of sale, Trustee sold the estate's right, title and interest in the causes of action, nothing more.

Debtors also appear to argue that the state court was misled by the affidavit, and that somehow this Court should rectify that situation. First and foremost, arguments of this sort must be directed to the state court, not this Court. Second, it appears sufficiently clear – from the Dismissal Decision and the Reconsideration Decision – that the issues raised by this Motion regarding alleged post-petition causes of action were raised to and addressed by the state court, and that the state court was not ruling in mistaken reliance on the broad language of the affidavit.[19] Instead, the state court rendered a reasoned decision after being made aware of Debtors' arguments that there were post-petition causes of action that survived the bankruptcy sale.

For example, the state court's decisions note that it not only reviewed and

---

[19] None of the litigants – Debtors, Smith or Trustee – gave this Court an adequate record to address the details of any of the state court rulings. However, once the Dismissal Decision and Reconsideration Decision were independently located by the Court and reviewed, it became apparent that the "post-petition claim" issues raised by this Motion had already been raised to and rejected by the state court.

MEMORANDUM OF DECISION - 17

considered the affidavit, but also the bill of sale. Moreover, at the March 11, 2009 oral argument on the motion for reconsideration, Debtors were allowed to call Trustee, who testified. Reconsideration Decision at 4.

The Reconsideration Decision further makes sufficiently clear that the state court did not reflexively rule based on any arguable overstatements in the affidavit about what had been sold. Rather, the state court correctly evaluated the accrual of a cause of action for professional negligence/legal malpractice under Idaho law. Reconsideration Decision at 7-10. In doing so, the state court had before it the actual claims asserted by Debtors, including those that Debtors contended arose after the filing of bankruptcy.[20] The state court ruled, however, that *all* claims in the malpractice litigation had reference to the September 2, 2005 judgment entered in *Leon's Mfg. Co. v. Michael*, and had accrued under state law before Debtors filed their bankruptcy case. *Id.* (citing, *inter alia*, Idaho Code § 5-219(4) and *Tingley v. Harrison*, 867 P.2d 960, 963 (Idaho 1994)).[21]

---

[20]   In this regard the state court was in a much better position to evaluate the arguments than is this Court. As noted earlier in this Decision, no party has ever provided copies of the state court complaint or any other state court pleadings (save the affidavit of Trustee) to this Court.

[21]   A "cause of action for professional malpractice accrues 'as of the time of the occurrence, act or mission complained of[.]'" *City of McCall v. Buxton*, 201 P.3d 629, 632 (Idaho 2009) (quoting Idaho Code § 5-219(4)). The cause of action cannot accrue until "some damage" has occurred. *Id.* (citing *Stephens v. Stearns*, 678 P.2d 41, 46 (Idaho 1984) and *Lapham v. Stewart*, 51 P.3d 396, 400 (Idaho 2002)).

In the present case, Smith's alleged errors in pleading and in the conduct of the trial in *Leon's Mfg. Co. v. Michael* would have occurred prior to the jury verdict in 2005, and that verdict, imposing liability on Debtors and defeating their counterclaim, would provide "some

(continued...)

MEMORANDUM OF DECISION - 18

**CONCLUSION**

Upon the foregoing, the Court concludes that the Motion is not well taken. The § 363 sale of property of the estate by Trustee was properly pleaded, noticed and conducted. Trustee sold to Smith all of the estate's interest in *Michael v. Smith*. That interest included all causes of action against Smith that constituted property of the estate under § 541(a)(1) as of October 13, 2005. The state court has previously addressed whether there were or are separate causes of action belonging to Debtors that were not sold. Contrary to Debtors' arguments that the state court was misled by the affidavit prepared for and signed by Trustee, the state court ruled, with knowledge of Debtors' contentions about unsold post-petition claims, that there were no such separate claims given the accrual of the cause of action under Idaho state law.

The Motion shall be denied by separate order.

---

[21] (...continued)
damage" for purposes of accrual of the cause. *See id.* at 634 ("[O]bjective proof [of some damage] did not occur until there was a court decision adverse to the client because of the attorney's negligence."), and at 636 ("[T]he existence or effect of any alleged negligence on the part of the City's Attorneys regarding their legal advice and strategy depended on the outcome of the litigation against the City[.] There would not be objective proof of actual damage until that occurred.")

For purposes of the statute of limitations on professional malpractice actions, "the limitation period shall not be extended by reason of any continuing consequences or damages resulting [from the act or omission] or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer." *Id.* at 632. Debtor never explained to this Court what acts or omissions of Smith occurred after October 13, 2005, that created causes of action that were legally distinguishable from the alleged prepetition malpractice. Nor, did he explain that argument to the satisfaction of the state court, as evidence by that court's Dismissal and Reconsideration Decisions.

MEMORANDUM OF DECISION - 19

DATED: December 17, 2009



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 20

## <u>CERTIFICATE OF SERVICE</u>

A "notice of entry" of this Decision has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision has also been provided to non-registered participants by first class mail addressed to:

Robert & Gwendolyn Michael
P.O. Box 1875
County Road, 34A
Bonners Ferry, ID 83805

Case No. 05-21968-TLM

Dated: December 17, 2009


       /s/
Ammon Taylor
Law Clerk to Chief Judge Myers

MEMORANDUM OF DECISION - 21